IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KUECKER LOGISTICS GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GREATER OMAHA PACKING CO., INC.,<br><br>Defendant. | 8:20CV307<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to Take Deposition of Dan Jensen After the Scheduled Deadline and for Sanctions. (Filing No. 174.) For the reasons explained below, the motion will be granted, in part.

**BACKGROUND**

This suit was filed on July 31, 2020. (Filing No. 1.) A progression order was entered on December 29, 2020. (Filing No. 17.) The progression order was amended on October 12, 2021, to extend certain deadlines. (Filing No. 29.) Case progression was stayed on February 1, 2022, to allow the parties to participate in mediation. (Filing No. 30.) The mediation occurred on March 9, 2022, and was unsuccessful. (Filing No. 176-5.) A second amended progression order was entered following the mediation, on March 24, 2022. (Filing No. 34.) A third amended progression order was filed on August 5, 2022, setting the deposition deadline as May 3, 2023. (Filing No. 45.) That day, a trial setting order was entered, scheduling trial for September 12, 2023. (Filing No. 46.) On March 8, 2023, upon Plaintiff's request, the deposition deadline set in the third amended progression order was extended to June 1, 2023. (Filing No. 71.) The undersigned held a pretrial conference with the parties on August 10, 2023, and issued the final pretrial conference order. (Filing No. 157.) The trial was later continued to February 13, 2024. (Filing No. 194.)

During discovery in this case, the parties had multiple communications regarding depositions, including the deposition of Dan Jensen ("Jensen"). Defendant listed Jensen in its initial disclosures, dated January 25, 2021, as an individual likely to have discoverable information. (Filing No. 176-1.) The initial disclosures indicated Jensen was Defendant's employee and could be contacted through Defendant's counsel. (Filing No. 176-1.) In September

2021, Defendant verified in its responses to interrogatories that Jensen had discoverable information. (Filing No. 170-18.)

On November 3, 2021, Plaintiff's counsel sent Defendant's counsel correspondence requesting to schedule depositions for January 2022, including Jensen's deposition. (Filing No. 176-2.) Plaintiff's counsel maintains he did not receive a response to his letter. (Filing No. 175.) On March 30, 2022, following the expiration of the stay of the progression deadlines pending mediation, Plaintiff's counsel followed-up with Defendant's counsel regarding depositions. (Filing No. 176-3.)

In a letter dated May 5, 2022, Plaintiff's counsel asked to schedule Jensen's deposition. (Filing No. 176-4.) On May 9, 2022, Defendant's counsel replied, asking for potential deposition dates, and stating that he would try to arrange depositions "with the witnesses over whom we have control." (Filing No. 176-5.) Plaintiff's counsel again asked Defendant's counsel to schedule Jensen's deposition in a letter dated June 16, 2022. (Filing No. 176-6.) Plaintiff's counsel contends he did not receive a response to this letter. Then, in a letter dated December 6, 2022, Plaintiff's counsel identified five depositions Plaintiff wanted to take in an "initial round" of depositions, including Jensen's. (Filing No. 176-7.) The letter listed eleven other depositions that Plaintiff anticipated needing. (Filing No. 176-7.) Defendant's counsel responded by email on December 21, 2022, stating that Jensen no longer worked for Defendant, and that "we still need to track down [his] availability." (Filing No. 176-7.)

In February 2023, Plaintiff deposed three of Defendant's employees. On April 7, 2023, Plaintiff's counsel wrote a letter to Defendant's counsel requesting ten depositions, including depositions of some individuals who Plaintiff had identified in its December 6, 2022 letter as individuals it anticipated needing to depose. (Filing No. 185-1; Filing No. 176-7.) The April 2023 letter did not list Jensen, or any of the other individuals identified in the December 6, 2022 letter as "initial round" depositions. (Filing No. 185-1.) On June 16, 2023, Plaintiff's counsel requested Jensen's last known address. (Filing No. 176-8.) Defendant's counsel provided this information on June 21, 2023. (Filing No. 176-9.) Plaintiff's counsel informed Defendant's counsel via email on July 15, 2023, that he would be contacting Defendant's former employees for whom Defendant had provided last known contact information. (Filing No. 176-10.)

2

Plaintiff's counsel contacted Jensen by phone on August 16, 2023. (Filing No. 176-17.) Jensen told Plaintiff's counsel he wanted to talk to Defendant's counsel before answering questions. (Filing No. 176-17.) Later that day, Defendant's counsel sent an email to counsel for Plaintiff stating that because Jensen was Defendant's former employee, Plaintiff's counsel was prohibited from contacting him. (Filing No. 176-12.) Plaintiff's counsel responded, disagreeing that he was precluded from contacting Jensen under the Nebraska Rules of Ethics. (Filing No. 176-13.) On August 17, 2023, Defendant's counsel informed Plaintiff's counsel that Jensen was his client and could not be contacted directly. (Filing No. 176-14.) Plaintiff's counsel then requested that Jensen be produced for a deposition, which Defendant's counsel refused to do based on the expiration of the deposition deadline. (Filing No. 176-15; Filing No. 176-16.) Plaintiff filed the instant Motion for Leave on August 21, 2023. (Filing No. 174.)

**DISCUSSION**

Plaintiff seeks to take Jensen's deposition outside the deadline set in the third amended progression order, as later extended by the Court to June 1, 2023. Federal Rule of Civil Procedure 16 allows for modifying scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Gilliland v. Harley-Davidson Motor Co. Group, LLC*, No. 8:12CV384, 2015 WL 1650265, at *3 (D. Neb. April 14, 2015) (quotation omitted). "In addition to the good cause requirement, on motion made after the time has expired, the court may extend time if the party failed to act because of excusable neglect." *Id*. (citing Fed. R. Civ. P. 6(b)(1)(B)). "Excusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019).

Considering the totality of the circumstances, the Court finds there is good cause to modify the progression order to allow Jensen's deposition. Plaintiff was diligent in seeking to depose Jensen. Plaintiff made numerous inquiries regarding taking Jensen's deposition throughout this litigation. Plaintiff's April 2023 letter did not mention deposing Jensen. However, the April letter did not mention any of the "initial round" depositions Plaintiff identified in its December 2022 letter. Further, by that point, Plaintiff's counsel knew Jensen did not work for Defendant, and was

3

operating under the assumption that Defendant's counsel was trying to "track down" Jensen's availability. Additionally, because Jensen no longer worked for Defendant, Plaintiff likely believed, as evidenced by the correspondence between counsel in August 2023, that it could just informally interview Jensen, rather than take his deposition. After Defendant's counsel advised that Jensen could not be contacted directly and that Defendant's counsel represented Jensen, Plaintiff's counsel once again requested to take Jensen's deposition. By that point, however, the deposition deadline had expired.

Plaintiff has not acted in bad faith to delay these proceedings. Plaintiff has been attempting to schedule Jensen's deposition since November 2021. It seems that deposition scheduling was impacted by numerous things, including document production, the mediation and resulting stay, as well as the fact that Jensen no longer worked for Defendant. The delay caused by these circumstances is understandable. The Court further finds Defendant would not be prejudiced by allowing the deposition at this point. There is sufficient time to depose Jensen before trial. Therefore, for good cause shown, Plaintiff will be granted leave to depose Jensen.

Plaintiff requests that the Court sanction Defendant for its refusal to produce Jensen for a deposition. Plaintiff claims Defendant has played games to prevent Plaintiff from deposing Jensen and attempted to block Plaintiff from interviewing Jensen by accepting him as a client. Plaintiff's request for sanctions will be denied. It seems to the undersigned that, based on the timeline of events in this case, there were miscommunications and misunderstandings about whether Plaintiff still wanted to depose Jensen. The Court does not believe Defendant acted with any ill-will or sinister intent to block Plaintiff's access to Jensen.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Take Deposition of Dan Jensen After the Scheduled Deadline and for Sanctions (Filing No. 174) is granted, in part. The parties shall confer to schedule the deposition, to take place no later than January 10, 2024.

Dated this 27th day of December, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge