IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KUECKER LOGISTICS GROUP, INC., | |
| Plaintiff, | 8:20CV307 |
| vs. | |
| GREATER OMAHA PACKING CO., INC., | ORDER ON TRIAL PREPARATION AND PROCEDURES |
| Defendant. | |

This case is before the Court in anticipation of a jury trial scheduled to begin at 9:00 a.m. on Tuesday, February 13, 2024. The Court has reviewed the Final Pretrial Conference Order, Filing 157; the parties' Proposed Jury Instructions, Filings 178–181; the Second Amended Trial Setting Order, Filing 194; and the parties' revised Proposed Jury Instructions, Filings 223–224. The Court notes that the Final Pretrial Conference Order, the parties' original Proposed Jury Instructions, and the Second Amended Trial Setting Order were all filed before the Court filed rulings on critical issues in this case. The Court hopes that addressing some matters now in light of those rulings will further clarify and streamline the issues that must be decided at trial.[1]

After a magistrate judge filed the Final Pretrial Conference Order and the parties filed their original Proposed Jury Instructions, the Court filed its Memorandum and Order Regarding Motions for Partial Summary Judgment, Filing 184. After the magistrate judge filed the Second Amended Trial Setting Order, the Court filed its Memorandum and Order Regarding the Parties' Motions to Reconsider and Clarify the prior summary judgment ruling, Filing 209; a ruling on four pretrial

---

[1] The Court acknowledges that a previous attempt to clarify and streamline the issues for trial was less effective than might have been hoped. After the Court's summary judgment ruling, a magistrate judge entered a text order requiring the parties to advise the Court as to which evidentiary motions still needed resolution. *See* Filing 192. The magistrate judge allowed the parties to delay the filing of their notices until after the Court ruled on their motions to reconsider and clarify the summary judgment ruling. *See* Filing 197. The parties eventually advised the Court that essentially all the pending evidentiary motions still required resolution. Filing 210; Filing 211.

1

motions to exclude opinions of experts, Filing 221, and a ruling on two motions in limine, Filing 222. The recent rulings on dispositive and evidentiary motions totaled more than 150 pages and addressed dozens of topics, which demonstrated to the Court that the parties' approach to litigating this case is out of all proportion to the relatively straightforward question presented: Which party breached the parties' contract? Although the parties have now filed Revised Proposed Jury Instructions, Filings 223–224, the Court finds it necessary to address various matters that may have changed significantly since the filing of the Final Pretrial Order and the Second Amended Trial Setting Order, as well as some concerns that remain after the parties filed their Revised Proposed Jury Instructions.

In entering this Order, the Court is mindful of Federal Rule of Civil Procedure 1, concerning the scope and purpose of the Federal Rules of Civil Procedure, which states that the United States district courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Thus, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). As one example, a trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)). An example of the discretion to control the examination of witnesses is set out in Federal Rule of Evidence 611, which obliges the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also Indus. Risk Insurers v. D.C. Taylor Co.*, No. 06-CV-

171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on direct and cross-examination by more than one attorney). Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence, *Harris*, 506 F.3d at 1141, as well as their authority to limit the length of time allowed to counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964).

As to present trial management concerns, the Court notes first that the Second Amended Trial Setting Order indicates a trial lasting ten (10) days. Filing 194 at 1 (¶ 1). The Court finds this estimate to be excessive in light of the needs of the case. Upon reviewing the pleadings, numerous filings, and potential evidence in this case, the Court believes that this trial could appropriately be tried in five days and certainly no more than seven. The Court directs the parties to file notices with the Court not later than 12:00 p.m. on Friday, January 26, 2024, of their current estimates for the number of trial days. If a party believes that more than five to seven days will be required, that party must explain in such notice why additional time is necessary.

Second, the Court's initial review of the parties' revised Proposed Jury Instructions suggests that the revised versions are considerably more concise and have appropriately narrowed the issues to be presented to the jury. One exception is that GOP has resubmitted a proposed jury instruction on its "construction lien claim" against KLG. *See* Filing 224 at 23. The Court concluded in its Memorandum and Order on Motions in Limine that this claim, like KLG's claim under the Nebraska Construction Lien Act (NCLA), is grounded in equity and will be tried to the Court and not to a jury. *See* Filing 222 at 6. Also, while the parties have narrowed and clarified the affirmative defenses that will be submitted to the jury, GOP's revised Proposed Jury Instructions do not identify the factual basis for GOP's estoppel affirmative defense to KLG's claims, so that the Court is unable to make even a preliminary assessment of whether or not that defense may be

submissible. GOP shall provide an identification of its factual basis for its estoppel affirmative defense in its notice due January 26, 2024.

Third, the Court's ruling on the evidentiary motions excluded numerous exhibits and significant portions of the testimony of numerous witnesses. Therefore, the Court sets a deadline of February 6, 2024, for the parties to submit appropriately amended witness lists and amended exhibit lists removing excluded exhibits. No witnesses or exhibits may be added without leave of court. Indeed, the Court expects the parties to reduce exhibits and witnesses given the Court's recent rulings on this case. The parties are directed not to renumber exhibits.

Fourth, the Court reaffirms the deadlines in the Second Amended Trial Setting Order for the filing of color-coded deposition designations (February 6, 2024), trial briefs (February 6, 2024), exchange of demonstrative exhibits (10:00 a.m. on February 6, 2024), and filing of objections with the Court (11:59 p.m. on February 6, 2024).

Fifth, § II.D. of the Court's Civil Jury Trial Deadlines and Practices, available at https://www.ned.uscourts.gov/attorney/judges-information/brian-c-buescher, provides that "each party is allotted up to thirty (30) minutes for opening statements." The Court does not believe that additional time is necessary, appropriate, or likely to be helpful to the jury in this case. Therefore, each side will be allotted up to thirty (30) minutes for opening statements.

Finally, § II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party will receive thirty (30) minutes . . . for closing argument" and that "Plaintiff may reserve up to fifteen (15) minutes for rebuttal." In the Court's experience, closing arguments longer than 30 minutes, even in complicated cases, are counterproductive and a disservice to the jurors. Each side shall have thirty (30) minutes for closing arguments. Because this case involves breach-of-contract claims by each party, each party may reserve up to fifteen (15) minutes for rebuttal.

4

Accordingly,

IT IS ORDERED as follows:

1. Not later than 12:00 p.m. on Friday, January 26, 2024, the parties shall file notices of their current estimates for the number of trial days. If a party believes that more than five to seven days will be required, that party must explain in such notice why additional time is necessary;

2. In its notice due January 26, 2024, GOP shall provide an identification of its factual basis for its estoppel affirmative defense;

3. Not later than February 6, 2024, the parties shall submit appropriately amended witness lists and amended exhibit lists removing excluded exhibits;

4. The Court reaffirms the deadlines in the Second Amended Trial Setting Order, [Filing 194](#), for the filing of color-coded deposition designations (February 6, 2024), trial briefs (February 6, 2024), exchange of demonstrative exhibits (10:00 a.m. on February 6, 2024), and filing of objections with the Court (11:59 p.m. on February 6, 2024);

5. The Court reaffirms that each side will be allotted up to thirty (30) minutes for opening statements; and

6. The Court reaffirms that each side shall have thirty (30) minutes for closing arguments. Because this case involves breach-of-contract claims by each party, each party may reserve up to fifteen (15) minutes for rebuttal.

Dated this 24th day of January, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge